UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARILYN BLOCH,

              Plaintiff,

          - against -

COUNTY OF NASSAU; and NASSAU COUNTY,
NY CORRECTIONAL FACILITY,

              Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-6082 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Marilyn Bloch, a resident of Florida, brings this *pro se* action against Nassau

County and the Nassau County Correctional Facility alleging false arrest, poor jail conditions,

and an unlawful strip search related to a 1999 arrest.  (*See generally* Compl. (Doc. No. 1).)  She

seeks damages.  Bloch's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is

granted solely for the purpose of this Order.  However, for the reasons stated herein, the case is

dismissed.

## BACKGROUND

      Bloch alleges that she was strip searched by the police officers who arrested her in

January 1999 at a Citibank vestibule in Mineola, New York for an unspecified misdemeanor.

(Compl. at 3.)[1]  She also alleges that the conditions under which she was subsequently detained

in the Nassau County jail were substandard.  (*Id.*)  Specifically, she alleges that she was again

strip searched, and subjected to physical and verbal abuse.  (*Id.*)  She alleges that these actions

violated her Fourteenth Amendment rights under the United States Constitution.  (*Id.* at 1.)

Bloch seeks seventeen million dollars in damages.  (*Id.* at 5.)

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings dra§fted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

**DISCUSSION**

Bloch has named Nassau County and the Nassau County Correctional Facility as the only defendants in this action. However, even liberally construed, Bloch has not stated a claim on which relief may be granted.

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as Nassau County, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to

impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985).

Here, Bloch does not allege, and nothing in her complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the County of Nassau. Thus, Bloch's § 1983 complaint against Nassau County is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Similarly, Nassau County Correctional Facility, an agency of Nassau County, does not have a legal identity separate and apart from the municipality and cannot sue or be sued. *Jenkins v. City of New York,* 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hawkins v. Nassau Cty. Correctional Facility,* 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011); *Davis v. Lynbrook Police Dep't,* 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."). Since the Nassau County Correctional Facility is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. *Sullins v. Nassau Cnty. Corr. Ctr.,* No. 12-CV-2632 (SJF), 2012 WL 2458213, at *3 (E.D.N.Y. June 27, 2012) (dismissing claims against the Nassau County Jail because it lacks the capacity to be sued); *Lukes v. Nassau Cnty. Jail,* No. 12-CV-1139 (SJF), 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) ("Since the Nassau County Jail is an administrative arm of Nassau County, without a legal identity separate and apart from the County, it lacks the capacity to be sued."). Thus, the complaint against Nassau County

Correctional Facility is also dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Moreover, even if Bloch had named a proper defendant to this action, the complaint would still be dismissed because it is barred by the relevant statute of limitations. The actions which Lopez challenges occurred in 1999, and she filed this action in 2016, well beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Owens v. Okure*, 488 U.S. 235, 251 (1989) (finding that the statute of limitations on § 1983 claim to which New York law applies is three years).

Although district courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), the Court need not grant leave where any amendment would be futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead futile where the complaint, even when read liberally, did not suggest that "plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, there is no amendment that plaintiff could make that would permit her claims to proceed.

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

The Clerk of Court is directed to mail a copy of this Memorandum and Order along with the Judgment to Bloch and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
        June 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge