```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
MARILYN BLOCH,

                Plaintiff,                    **MEMORANDUM & ORDER**
                                              16-CV-6082 (DRH)(GRB)
    -against-

COUNTY OF NASSAU AND NASSAU
COUNTY CORRECTIONAL FACILITY,

                Defendants.
----------------------------------------------------X
```

**HURLEY, Senior District Judge:**

Plaintiff Marilyn Bloch ("Bloch"), a resident of Florida, commenced this pro se action on October 27, 2016, against Nassau County and Nassau County Correctional Facility alleging false arrest, poor jail conditions and an unlawful strip search related to an arrest on January 19, 1999. By Order dated June 20, 2017, Judge Mauskopf dismissed the case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as the complaint did not allege sufficient facts to support a *Monell* claim against Nassau County, the Nassau County Correctional Facility does not have a legal identity separate and apart from the county, and because the challenged actions occurred in 1999, well beyond the three-year statute of limitations applicable to actions pursuant to 42 U.S.C. § 1983. (*See* DE 21.)

Thereafter, Bloch filed a timely motion for reconsideration and for leave to file an amended complaint. In her motion, she made clear for the first time that she was seeking "special damages for an illegal strip search on January 18, 1999" as a member of the class certified by this Court in *In re Nassau County Strip Search*

*Cases*, 99-CV-2844. The case was therefore reassigned, with the consent of Judge Mauskopf, to the undersigned as presider over that class action to determine the motion for reconsideration and to amend.

I.  **In re Nassau County Strip Search Cases**

By way of background, *In re Nassau County Strip Search Cases* are consolidated actions commenced in 1999 seeking damages due to the blanket policy of the Nassau County Correctional Center of strip searching newly admitted individuals arrested for misdemeanors or non-criminal offenses in Nassau County. Eventually, a class was certified for liability purposes consisting of all persons arrested for misdemeanors or non-criminal offenses in Nassau County who thereafter were strip searched at the Nassau County Correctional Center pursuant to defendants' blanket policy, practice and custom which required that all arrestees be strip-searched upon admission to the facility from May 20, 1996 until and including June 1, 1999, and, pursuant to a concession of liability by the Defendants, a judgment of liability was entered in favor of the class. With respect to damages, in a Memorandum and Order dated March 27, 2008, the Court addressed the question of whether a damages class could be certified pursuant to Rule 23(b)(3). The Court found that it could given that an injury to human dignity was necessarily entailed in being strip searched and thus was common to each member of the class as to its cause and the resulting general, or presumed – as distinct from the special – damages sustained. By decision dated September 22, 2010, general damages in the amount of $500 per strip search were awarded. Thereafter, the class was

decertified as to the issue of special damages.

As a result of the Supreme Court's decision in *Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 566 U.S. 318 (2012), this Court granted Defendants' motion to vacate the portion of the January 16, 2007 Order granting summary judgment to plaintiff class as to liability on the federally-based constitutional claim; this Court held, however, that the claim brought pursuant to New York State Constitution was unaffected by *Florence*. A final judgment was then issued on April 10, 2014, against the defendants and in favor of the plaintiff class on the state constitutional claims awarding each member of the class $500.00 per strip search in general damages for a total aggregate award of $11,508,000.00. (Apr. 10, 2014 Final Judgment at 2.) In the April 2014 judgment the Court imposed an equitable toll of the statute of limitations of 180-days from the date of the judgment or, in the event of an appeal, from the issuance of a mandate, for class members to file a lawsuit for damages beyond that awarded in the judgment. On June 16, 2016, the Second Circuit Court of Appeals issued its mandate affirming the judgment. As a result of the equitable toll, individuals who were strip searched anytime from May 20, 1996 to November 16, 1996 would have to file a lawsuit for damages beyond the $500 awarded by the Court no later that December 16, 2016. Thus, there are class members, such as Bloch (at the time the instant complaint was filed), for whom the statute of limitations to commence an action for additional damages has not expired.

## II. The Allegations of the Amended Complaint

Plaintiff's proposed amended complaint seeks "special damages" for herself and her father, Martin Bloch,[1] for illegal strip searches. The amended complaint asserts the following:

> 1. Plaintiffs seek special damages for illegal strip search, for holding on Jan. 18, 1999 and for three days after illegally done, for pain, suffering, emotional distress, grevious [sic] damages, punitive and physical pain causing Martin Bloch to be held without picture ID causing his death in violation of 1st, 6[th], [and] 14th Amendments and lack of due process.

> 2. Plaintiff was in Nassau University Hospital suffered with bad drugs of flouroquinilines [sic] asks to add Nassau County University Hospital and Nassau Health as defendants on Aug. 13, 2016, took place, mishandled by sheriff, and held in handcuffs due to neuropathy and arthritis.

## III. Legal Standards

### A. Motion for Reconsideration

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court

---

[1] The proposed amended complaint is brought on behalf of Marilyn Bloch and the Estate of Martin Bloch. Although it does not identify Plaintiff's relationship to Martin Block, other correspondence received by the Court from Plaintiff, as well as filings I*n Re Nassau County Strip Search Cases,* indicates that he is her father. *See* DE 12; *see also* April 23, 2010 Order entered in 99-cv-2844). Bloch and her father are both members of the class. (*See id.*)

overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990); *accord Polsby v. St. Martin's Press, Inc.*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins. Plan*, 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

    **B.**    **Motion to Amend**

Federal Rule of Civil Procedure ("Rule") 15(a) provides in pertinent part that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend may properly be denied on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the proposed amendment. *See Dluhos v. Floating & Abandoned Vessel, Known as N.Y.*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962)). Although the decision whether to allow a party to amend its complaint is left to the sound discretion of the district court, there must be good reason to deny the motion. *See Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *see also S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979). "One appropriate basis for evaluating the productivity of a proposed amendment lies in the relative futility of accepting the proposed amended complaint." *Wilson v. Toussie*, 260 F. Supp. 2d 530, 535 (E.D.N.Y. 2003); *accord Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999). If the proposed amendment would not survive a motion to dismiss, then it is appropriately denied as futile. *Wilson,* 260 F. Supp. 2d at 535 (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).

## IV. Discussion

### A. Motion for Reconsideration

The motion for reconsideration is granted as the motion makes clear what was lacking in the initial complaint, i.e., that there are matters that might reasonably be expected to alter the conclusion reached by the court - i.e., this pro se plaintiff filed her original complaint seeking to assert a claim for special damages as a member of the class certified in the *Nassau County Strip Search Cases*.

Upon reconsideration, the Court will permit that portion of Bloch's complaint which seeks special damages for her January 1999 strip search to proceed.

To the extent that she is seeking to recover for false arrest and poor jail

conditions in 1999, these claims are clearly barred as this action was filed in 2016, well beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983. *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015); *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994), *see also Owens v. Okure*, 488 U.S. 235, 249-51 (1989); Melendez v. Greiner, 477 Fed. App'x 801, 803 (2d Cir. 2012); *Donaldson v. N.Y.C. Dep't of Educ.*, 442 Fed. App'x 601, 602 (2d Cir. 2011); Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009); Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). Therefore the Court adheres to the earlier determination. In other words, the claims for false arrest and poor jail conditions remain dismissed. *See Milan v. Wertheimer*, 808 F.3d 961, 963-64 (2d Cir. 2015) (per curiam) (affirming sua sponte dismissal of claims based on statute of limitations).[2]

### B. Motion to Amend

As set forth earlier, the proposed amended complaint seeks damages for an illegal strip search, "for holding on Jan. 18 , 1999 and for 3 days after illegally done." To the extent the amended complaint seeks damages for the latter two incidents on behalf of Bloch, the motion to amend is futile given the claims are barred by the statute of limitations.

To the extent that Bloch seeks to assert claims for her father, the motion to amended is denied in part. First, to the extent the claim is that her father was "held three days [without] picture ID causing his death in violation of 1st, 6[th], 14th

---

[2] It is unclear whether these assertions are made on behalf of Bloch, her father, or both of them.

Amendments and lack of due process," the claim is barred by the statute of limitations. Thus, the motion to amend to add these claims is denied. With respect to the claim for special damages arising from her father's strip search during the class period, in view of the allegation of her father's death, any such claim on his behalf must be brought by his executor or administrator. Absent from the proposed amended complaint is any allegation that Bloch has been so appointed. To the extent that Bloch has been appointed administrator or executor of his estate, she may include a claim on his behalf for said special damages.

The last claim in the proposed amended complaint is alleged against Nassau University Hospital and Nassau Health. Given that there is no alleged relationship between this claim and the 1999 strip search (or the proposed additional defendants and the defendants in the strip search case), if plaintiff wishes to pursue this claim she must do so in a separate action. The Court expresses no opinion on whether these allegations state a claim or whether federal jurisdiction over the claim exists.

## V. Conclusion

The motion for reconsideration and to amend the complaint is granted to the following extent: (1) Bloch may file an amended complaint limited to her claim for special damages arising from her strip search at the Nassau County Correctional Center on January 18, 1999; (2) to the extent that Bloch has been appointed administrator or executor for her father's estate, the amended complaint may include a claim solely for special damages arising from her father's strip search at the Nassau County Correctional Center during the class period. The amended

complaint must be filed on or before January 31, 2018. The motion is otherwise denied. A copy of this Order is being mailed by Chambers to Bloch.

**SO ORDERED.**

Dated: Central Islip, New York
December 18, 2017                          /s  Denis R. Hurley
                                           Denis R. Hurley
                                           United States District Judge